WILLIAM J. POULSON ET AL., ADMINISTRATORS, PLAIN-
TIFFS IN ERROR, v. THE UNION NATIONAL BANK OF
FRENCHTOWN, DEFENDANT IN ERROR.

1. The prohibition in the act "in relation to legal holidays," that no
court shall be held on the day on which any general election for mem-
bers of assembly is held, is repealed by the provision of the supple-
ment (April 21st, 1876,) to the act " concerning juries," that the Court
of Common Pleas shall meet for the selection of jurors on the fourth
Tuesday before the commencement of the regular term of the county
courts, so far as it is in conflict with that provision of the later act.
2. The provisions of the above mentioned supplement as to the proceed-
ings in the selection of jurors, are all merely directory, except that
which requires the certificate of the judges ; as to that, the statute is
mandatory.
3. It is sufficient, under the supplement, for the judges to certify, gener-
ally, as required by the act, that the jurors were selected in all
respects according to the provisions of the act, without a specification
of the particulars of the proceedings.

Error to the Hunterdon Circuit Court.

For plaintiffs in error, *G. A. Allen.*

For defendant in error, *E. R. Bullock.*

The opinion of the court was delivered by

THE CHANCELLOR. The defendant in error brought suit
in the Hunterdon Circuit Court against the plaintiffs in error
in an action on the case. The cause came on for trial on the
11th of December, 1877, before the Chief Justice. When
the sheriff was called upon to return the *venire facias,* the
plaintiffs in error (the defendants in the action) challenged the
array of jurors drawn and summoned for the trial of causes
at the term.

The causes of challenge were the following : That the panel
was drawn on the day (the 6th of November) on which the
general election was held for members of assembly, and which

was therefore a legal holiday by statute; that the Court of Common Pleas did not adjudge or determine how many persons they deemed it necessary to be summoned as jurors at the then coming term, as by law they were required to do; that the sheriff neglected to procure a list of the names of the persons in the county qualified to serve as jurors, as required by law, and did not select the panel from any lawful list; that it did not appear that the Court of Common Pleas convened for the selection of the panel at the hour fixed by law; that it did not appear how many names the sheriff selected, nor from what list he selected them to be put into the box; that the pieces of paper on which the names of the jurors were written were not folded, as prescribed by law, and that the sheriff and the judges of the Court of Common Pleas neglected to certify, according to law, to the lists of the names drawn. The exceptions to the array having been overruled, the plaintiff in error thereupon excepted, and a writ of error was taken to this court.

The first objection to the panel rests upon the provision of the act " in relation to legal holidays," (*Rev., p.* 481,) that certain days mentioned in the act, among which is that on which any general election for members of assembly is held, shall be legal holidays, and that no court shall be held on those days except in the cases in which the court would sit on the first day of the week. It is insisted, on the part of the plaintiffs in error, that by reason of that provision the day on which the panel was selected was *dies non*, and the sitting of the Court of Common Pleas on that day was therefore unlawful, and its action consequently illegal and void. But that act was approved on the 4th of April, 1876, while the act under which the proceedings in the selection of the panel were taken was passed subsequently to that date. The latter act provides that the Court of Common Pleas shall meet for the selection of the general panel on the fourth Tuesday before the commencement of the regular term of the Circuit Court, Court of Oyer and Terminer and General Jail Delivery, Court of Common Pleas, and Court of General Quarter Sessions of

the Peace.   The fourth Tuesday before the commencement of the December Term, 1877, of those courts in Hunterdon county, was the day on which the general election for members of assembly was held.   The last mentioned act made it obligatory upon the Court of Common Pleas to meet for the purpose of the selection of the panel on that day.   Moreover, it expressly repealed all acts and parts of acts inconsistent with its provisions.   It was therefore lawful for the Court of Common Pleas to sit for the purpose of the selection of the panel on that day; the later act, by its express direction, repealing the prohibition of the earlier one so far as it is in conflict with that provision of the later act.

The thirteenth section of the before mentioned supplement to the act concerning juries makes it the duty of the Court of Common Pleas to meet at the court-house on the fourth Tuesday before the commencement of each regular term of the Circuit Court, Court of Oyer and Terminer, Court of Common Pleas, and Court of Quarter Sessions, at ten o'clock in the forenoon, for the purpose of drawing the panel of jurors to be summoned for service at the then next term of those courts; and it makes it the duty of the sheriff, or in case of his death or disability, of the coroners or elisors to attend, and then and there, in the presence of the county clerk and before the Court of Common Pleas, to select from among the residents of the county qualified to serve as jurors, the names of at least twice as many persons as the Court of Common Pleas shall deem necessary to be summoned as jurors at the next ensuing term of those courts; and it directs that the names selected shall be written on separate pieces of paper, which are to be separately folded so as to conceal the name of each juror, and to be put into a box; that the papers, when so folded, shall be of the same size, color and shape, as nearly as may be; that the box shall be then closed and so shaken as to intermingle the pieces of paper so folded and placed therein; and that the sheriff, coroners or elisors, or some person appointed by the court for the purpose, shall, in an open and public manner, in the presence of the clerk and court and of

such other persons as shall choose to be present, draw out of the box separately as many of the papers as shall be equal to the number of jurors the court shall deem it necessary to summon ; which names shall be publicly announced and drawn, and written down by the clerk as they are read by the person drawing them from the box. It further provides, that the several persons whose names shall be so found written on the papers so drawn out shall constitute the general panel of jurors to be summoned by the sheriff, coroners or elisors at the next ensuing term of those courts. It further directs that the sheriff, coroners, elisors, or person appointed by the court to draw, shall make or cause to be made two complete lists of the names so drawn, and certify the same under his or their hands to be the panel of jurors selected to serve at such ensuing court or courts, and that the judges of the Court of Common Pleas, or a majority of those of them who may be present, shall also certify under their hands that the jurors named in the lists were selected in all respects according to the provisions of that act ; and it also directs that the certificates shall be annexed to each of the lists, and that one of the lists shall then be filed by the clerk in his office, and the other delivered to the sheriff, coroners or elisors. The section concludes with the provision, that if the judges of the Court of Common Pleas, or a majority of those of them who may be present at the time, shall not certify as required by that section, it shall be good ground of challenge to the array of jurors.

It appears by the testimony of the sheriff that a list of the names of the persons qualified to serve as jurors was produced by him before the court and clerk ; that it was understood from what passed between him and the court then and there on the subject, what was the number of persons the court thought it necessary to summon, and that the number was drawn accordingly ; that the names were respectively written on separate pieces of paper, which were rolled up and were closed at the end by folding the end over so as to conceal the name ; and that the lists of jurors drawn were prepared and

Poulson v. Union National Bank.

certified, and one of them filed in the clerk's office and the other delivered to the sheriff. It appears from the record that the lists of names were preceded by the following statement:

"List of the names of duly qualified jurors drawn to serve at the Circuit Court, Court of Oyer and Terminer and General Jail Delivery, Court of Common Pleas and General Quarter Sessions of the Peace, to be holden at Flemington, in and for the county of Hunterdon, on the first Tuesday of December, A. D. 1877, by Wesley Bellis, sheriff, and Ferdinand S. Holcombe, one of the judges of the Court of Common Pleas, acting clerk, (the clerk of said county being sick,) at the courthouse in Flemington, in open court, in the presence of Alexander Wurts and Ferdinand S. Holcombe, judges, this 6th day of November, A. D. 1877, pursuant to the directions of the statutes in such case made and provided."

The lists were signed by the sheriff and the acting clerk. The certificate of the judges was: "That the jurors named in the said list were selected in all respects according to the provisions of the act entitled 'An act concerning jurors,' approved April 21st, 1876."

In the proceedings in the selection of the panel there was a substantial compliance with the directions of the act of 1876. The statute is merely directory as to all of those proceedings, except the certificate. As to that, it is mandatory. The certificate is in strict accordance with the direction of the act. The title of the act, indeed, is misstated in the certificate, but it is a manifest misdescription by mere and obvious mistake. Reference is clearly intended to the supplement of April 21st, 1876. And it is sufficient for the judges to certify generally, as required by the act, that the jurors were selected in all respects according to the provisions of the act, without a specification of the particulars of the proceedings.

I am of opinion that the judgment of the court below should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LILLY. 12.

*For reversal*—None.